## MAGNOLIA PETROLEUM CO. v. ARMSTRONG et al.

No. 23241. Opinion Filed Dec. 6, 1932.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., and C. B. Memminger, for respondents.

RILEY, J. Petitioner brings this original action to review an award of the State Industral Commission made in favor of respondent L. W. Armstrong against petitioner, it being its own insurance carrier.

The award sought to be reviewed is upon a hearing on a motion to reopen a former award upon the ground of a change of condition of claimant. The only contention is that there is no competent evidence to support the finding of a change of condition. The contention is not well founded. The original award was for 45 per cent. permanent partial loss of the use of one hand, made by the State Industrial Commission, May 7, 1929. The evidence at that hearing was in conflict. Claimant contended that he had suffered permanent total loss of the hand. One expert witness in his behalf, Dr. Leroy Long, testified that in his opinion claimant had then suffered 90 per cent. permanent loss of the hand.

The report of Dr. Antonio D. Young, who it appears examined claimant on February 2, 1929, was in evidence. This was nearly one year after the accidental injury. Therein Dr. Young stated, "This man has not entirely recovered from severance of the ulnar nerve. In consultation with Dr. Von Wedel and Dr. Jno. W. Riley, it was agreed that patient should be examined again in six months. In my opinion prognosis is good."

Dr. Von Wedel testified before the Commission May 7, 1929, and said: "I think * * * in all fairness to him that he has 25 to 30 per cent. loss of the use of the hand, but it does not appear that it will go beyond that."

Dr. John W. Riley testified before the Commission and stated that from the examination made by him January 30, 1929, he was of the opinion that claimant had 25 to 35 per cent. loss of the use of the hand. At another place in his testimony he stated, in his opinion, claimant had 25 to 30 per cent. loss of the use of the hand. In his report of the examination, dated January 30, 1929, Dr. Riley stated: "At this time it is impossible to estimate the true assessment of loss of function. I recommend that this patient be examined again in about six months. This will give the nerve time to show its regeneration if it is going to occur, and amount of function that will be restored." He testified at the hearing May 7, 1929, less than six months after the examination, "I think it will improve, it did not show after three months, now it shows no disturbance of nutrition."

Upon this conflicting evidence the Commission found 35 per cent. permanent loss of the use of the hand and awarded compensation for 70 weeks. The award became final and was paid.

The motion to reopen was upon the ground of change of condition. Dr. Long again appeared at the hearing held on the motion to reopen and in substance testified that claimant's loss of the use of the hand was then 100 per cent. He said, in substance, however, that the condition of the hand was about the same as at the former hearing, but, testifying in more detail, he stated that there was an increase in the loss of the use of the hand, particularly as it applied to the middle and index fingers. Claimant also testified, in substance, that the loss of the use of the hand was total. His evidence was substantially the same as at the former hearing.

Dr. Riley again testified and stated that he then considered the loss of the use of the hand to be 75 per cent. and that he had so considered it at the former hearing. This, however, is not in line with his former testimony. He insisted there was no change in the condition of the hand, but repeatedly stated that in his opinion claimant then had 75 per cent. permanent loss of the use of the hand. The Commission found a change of condition and that claimant then had 90 per cent. loss of the use of the hand. It was largely upon the testimony of Drs. Riley and Von Wedel that the Commission fixed the amount of loss of the use of the hand at 35 per cent. in the first hearing. That was the first status of the condition of claimant's hand at that time as found by the Commission. Dr. Riley now says that claimant had 75 per cent. loss of the use of the hand and at the former hearing testified that the amount of the loss of the use of the hand was from 25 to 35 per cent.

Dr. Riley's evidence alone is sufficient to support the finding of the Commission that there was a change of condition, but not to the extent found by the Commission, but when taken into consideration with the testimony of Dr. Long, there is abundant evidence to support the award.

The petition is denied, and the award of the State Industrial Commission is affirmed.

CLARK, V. C. J., and HEFNER, SWINDALL, and ANDREWS, JJ., concur. LESTER, C. J., and CULLISON, McNEILL, and KORNEGAY, JJ., absent.